Jeffrey E. Lohman, AZ Bar #032315
Law Offices of Jeffrey Lohman
4740 Green River Rd., Ste. 310
Corona, CA 92880
Telephone: (866) 329-9217
Email: JeffL@jlohman.com

Attorney for Plaintiff

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## YUMA DIVISION

| | |
|---|---|
| Carol Algots, | ) |
| | ) |
| Plaintiff, | ) PLAINTIFF'S COMPLAINT AND |
| | ) DEMAND FOR JURY TRIAL |
| – vs – | ) |
| | ) |
| Atlantic Recovery Solutions, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, Carol Algots ("Plaintiff"), through her attorneys, hereby alleges the following against Defendant, Atlantic Recovery Solutions, LLC ("Defendant"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

2. Plaintiff is a natural person residing, in the city of Yuma, County of Yuma, Arizona and is otherwise *sui juris*.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a limited liability company conducting business in the state of Arizona and has its principal place of business in Amherst, New York.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Venue is proper in the United States District Court District of Arizona pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

**Factual Allegations**

9. On or around July 10, 2019, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

10. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

11. Defendant called Plaintiff's telephone number at (928) XXX-3308.

12. On or around July 10, 2019, Defendant left voicemail messages on Plaintiff's answering machine.

13. In the voicemail messages, Defendant failed to meaningfully disclose the nature of the call or state that the call was from a debt collector.

14. In the initial voicemail message Defendant stated, "We have a pending legal matter that needs to be discussed with either you or your representing attorney. It is imperative that one of you contact me immediately." This statement obfuscates the true purpose of the telephone call, as an attempt to collect on an outstanding debt could hardly be

considered a pending legal matter. Such wording is purposefully vague and misleading in order to coerce the least sophisticated consumer into dialing the callback number.

15. In the voicemail message, Defendant failed to disclose the purpose of its call was to collect a debt allegedly owed by Plaintiff.

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

17. In the voicemail messages, Defendant directed Plaintiff to call back telephone number (800) 652-7681, which is a number that belongs to Defendant.

18. On or around July 10, 2019, Plaintiff called (800) 652-7681 to inquire about the purpose of the call. In this initial conversation, Defendant failed to inform Plaintiff of her right to dispute the debt within thirty (30) days.

19. To this date, Plaintiff has not received written notice outlining her right to dispute the debt within thirty (30) days of the initial conversation.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.*

20. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

21. Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

    b. Defendant violated *§1692(d)(6)* of the FDCPA by placing a telephone call without meaningful disclosure of its identity;

    c. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

   d. Defendant violated *§1692(e)(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

   e. Defendant violated *§1692(g)(a)(3-5)* of the FDCPA by failing to inform Plaintiff within five (5) days of the initial communication of her ability to dispute the debt in writing within thirty (30) days of the initial communication.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

22. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

23. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

24. Awarding such other and further relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

25. Plaintiff demands a jury trial on all issues so triable.

                                                             RESPECTFULLY SUBMITTED,

Dated: August 2, 2019              By:    */s/ Jeffrey E. Lohman*
                                                                 Jeffrey E. Lohman
                                                                 Attorney for Plaintiff